United States District Court
Southern District of Texas
**ENTERED**
July 31, 2017
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTERS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1168 |
| | § | |
| RANDALL H. LUSBY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is (1) plaintiff Experience Infusion Centers, LLC's ("EIC") motion to remand (Dkt. 17), and (2) defendants Anthem, Inc., Anthem Insurance Companies, Inc., and Health Care Service Corporation's[1] (collectively, "Insurance Defendants") partial motions to dismiss (Dkts. 8, 27, 33). Having considered the motions, responses, replies, oral arguments at the hearing, and applicable law, the court is of the opinion that (1) EIC's motion to remand should be GRANTED (Dkt. 17), and (2) the Insurance Defendants' partial motions to dismiss should be DENIED AS MOOT (Dkts. 8, 27, 33).

## I. BACKGROUND

EIC is seeking payment for medical expenses for infusion treatments incurred by defendants Randall Lusby and Kristin Lusby. Dkt. 1-10 (Randall Lusby); Case No. 4:17-cv-1169, Dkt. 1-8 (Kristin Lusby).[2] EIC is suing the Lusbys under Texas state law for breach of contract and *quantum*

---

[1] Blue Cross Blue Shield of Texas is also named as a defendant. Dkt. 27 at 7. The Insurance Defendants explain that Blue Cross Blue Shield of Texas is actually an unincorporated division of Health Care Service Corporation and not a separate entity. *Id*.

[2] The present action is a consolidations of cases against Randall Lusby (Case No. 4:17-cv-1168) and Kristin Lusby (Case No. 4:17-cv-1169). The docket numbers generally refer to the consolidated case number (4:17-cv-1168) unless otherwise distinguished.

*meruit*. *Id.* EIC is suing the Insurance Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") and also various state law causes of action. *Id.* (citing 29 U.S.C. § 1132).

As part of their treatments, EIC alleges that the Lusbys each signed an assignment of benefits, consent, and release form allowing EIC to seek payment from their insurer. *Id.* Further, EIC alleges that the Lusbys agreed they would be responsible to any costs not covered by insurance. *Id.* EIC is seeking to recover $484,773.31 in actual damages for Kristin Lusby's treatment and $2,119,474.66 in actual damages for Randall Lusby's treatment, pre- and post-judgment interest, attorneys' fees, and court costs. *Id.*

On September 23, 2015, EIC filed its original complaint against Randall Lusby in the 125th Judicial District Court of Harris County. Dkt. 1-2. On September 24, 2015, EIC filed its original complaint against Kristin Lusby in the 190th Judicial District Court of Harris County. Case No. 4:17-cv-1169, Dkt. 1-2. On March 12, 2017, EIC amended each of the complaints to add the Insurance Defendants. Dkt. 1-10; Case No. 4:17-cv-1169, Dkt. 1-8. On April 14, 2017, the Insurance Defendants removed both cases to federal court on the basis of federal question jurisdiction. Dkt. 1; Case No. 4:17-cv-1169, Dkt. 1. The Lusbys did not join in the removal, nor did they file a separate consent to the removal. Dkt. 17 at 1; Dkt. 20 at 6. On June 20, 2017, the court consolidated the cases. Dkt. 25; *see also* Dkt. 25, Ex. A (demonstrating the minor differences between the two complaints).

On May 12, 2017, EIC filed a motion to remand. Dkt. 17. The Insurance Defendants responded, and EIC replied. Dkts. 20, 22. On April 21, 2017, the Insurance Defendants filed a partial motion to dismiss. Dkts. 8, 27.[3] EIC responded, and the Insurance Defendants replied.

[3] The Insurance Defendants filed an amended motion to dismiss in light of the consolidated claim. Dkt. 27. The parties agreed that the already filed response and reply remain applicable to the amended motion to dismiss.

Dkts. 16, 18. On July 13, 2017, the court held a hearing on both motions. Dkt. 28. On July 14, 2017, EIC filed a second amended complaint. Dkt. 29. On July 28, 2017, the Insurance Defendants filed a second amended motion to dismiss. Dkt. 33.

## II. Legal Standard

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction . . . raises significant federalism concerns." *Id.* (citations omitted). Therefore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. Analysis

EIC argues that the Insurance Defendants' removal was procedurally defective because they failed to procure the Lusbys' consent to removal. Dkt. 17 at 1 (citing 28 U.S.C. §§ 1446, 1447). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Section 1441(a) governs removal based on the federal question jurisdiction. 28 U.S.C. § 1441(a). As an initial matter, both parties agree that EIC's claims against the Insurance Defendants arise under ERISA, which invokes the district court's federal question jurisdiction. Dkt. 17 at 3; Dkt. 20 at 5–7. Likewise, the parties agree that EIC's breach of contract and *quantum meruit* claims against the Lusbys arise under Texas state law. *Id.*

EIC argues that the basis for the court's jurisdiction over EIC's claims against the Lusbys is supplemental jurisdiction and, therefore, the Lusbys' consent to removal is required. Dkt. 17 (citing 28 U.S.C. § 1367). However, the Insurance Defendants argue that because EIC's claims against the Lusbys are joined under section 1441(c), that the Lusbys' consent is not required. Dkt. 20 at 5 (citing 28 U.S.C. 1441 (c)). The court will address each of the parties' arguments regarding jurisdiction in turn.

**A. Supplemental Jurisdiction**

First, the court will consider whether it has supplemental jurisdiction over EIC's claims against the Lusbys. "[In] any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. State and federal claims form part of the same case or controversy when they derive from a "common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66, 118 S. Ct. 523 (1997); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). "[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614 (1988) (internal quotations omitted). "A loose factual connection between the claims is generally sufficient." *See, e.g.*, *Stewart v. Am. Van Lines*, No. 4-12-CV-394, 2014 WL 243509, at *2 (E.D. Tex. Jan. 21, 2014) (citing Wright & Miller, 13D Fed. Prac. & Proc. § 3567.1).

Here, EIC argues that the claims against the Insurance Defendants and the Lusbys have a common nucleus of operative fact because all of EIC's claims arise from the infusion services that

the Lusbys received that have not been paid for. Dkt. 22 at 4–5. Further, EIC alleges that the common nucleus of operative fact includes the relationship between the unpaid claims and the administration of the ERISA plan and the communications between the parties regarding the ERISA plan. *Id*; Dkt. 28. Further, EIC argues that EIC's recovery from one of the defendants (e.g., the Insurance Defendants) will affect the amount EIC could recover from the other defendants (e.g., the Lusbys). Dkt. 28. The Insurance Defendants counter that EIC's claims against the Insurance Defendants are substantially different from EIC's claims against the Lusbys. Dkt. 20 at 15. The Insurance Defendants argue that one claim revolves around an inquiry into the administrative record of the ERISA benefit plan and how that plan is interpreted; and the other claim revolves around a breach of contract. *Id.*; *But see Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1018 (5th Cir. 1993) (holding that supplemental jurisdiction was properly exercised over state law claims against a physician, in a case in which the patient is also making ERISA claims against an insurance plan).

The court observes that, fundamentally, EIC's claims against the Lusbys and the Insurance Defendants both revolve around non-payment of medical bills and that EIC as a plaintiff should expect to try its causes of action in one judicial proceeding. Separating the proceedings would be inefficient and it could yield absurd results if the suit against the Lusbys progressed in parallel to the suit against the Insurance Defendants, when the recovery in one suit is tied to the recovery in the other suit. Therefore, the court concludes that it may exercise supplemental jurisdiction over EIC's state law claims against the Lusbys.[4]

**B. Exception to Consent**

Second, the Insurance Defendants argue that they can still invoke the exception to consent

---

[4] Because the court has found that it has supplemental jurisdiction over EIC's claims against the Lusbys, it need not address EIC's alternate argument that the court also has original jurisdiction over these claims because the claims "exist in the shadow of ERISA." Dkt. 17 at 3–5.

rule found in section 1441(c) regardless of the court's finding of supplemental jurisdiction. Dkt. 20 at 9–10 (citing *Moore v. City of Phila.*, No. CIV.A. 12-3823, 2012 WL 3731818, at *4 n.1 (E.D. Pa. Aug. 29, 2012)). Subsection 1441(c)(2) states:

> Upon removal of an action . . . the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. *Only defendants against whom a [federal question] claim . . . has been asserted are required to join in or consent to the removal* . . . .

28 U.S.C. § 1441(c)(2) (emphasis added). Here, the Insurance Defendants focus on the final sentence, arguing that only those defendants (e.g., the Insurance Defendants) with federal claims asserted against them are required to join in the consent. Dkt. 20.

The court disagrees with the Insurance Defendants' interpretation of this exception to the unanimity of consent for removal. The statutory language should be read in context with the previous sentence that states that the provision is only applicable to claims "brought under paragraph (1)(B)." § 1441(c)(2). Paragraph (1)(B) identifies claims that are "not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c). When read together, the exception to consent only applies to claims that are not within the court's original or supplemental jurisdiction. *See Ettlin v. Harris*, No. SACV 13-1515-DOC, 2013 WL 6178986, at *4 (C.D. Cal. Nov. 22, 2013) (discussing the legislative history of 1441(c) and collecting cases in which district courts have held that the exception to consent does not apply in cases where the court is exercising supplemental jurisdiction); *Shipley Garcia Enters., LLC v. Cureton*, No. CIV.A. M-12-89, 2012 WL 3249544, at *12 (S.D. Tex. Aug. 7, 2012) (holding that "[1441(c)] facially does not apply to an action over which the Court has original and supplemental jurisdiction"); *accord Carnegie-Mellon Univ.*, 484 U.S. at 354 ("[Section 1441(c)] is not directly applicable to suits involving pendent [supplemental jurisdiction] claims, because pendent claims are not 'separate and independent' within

the meaning of the removal statute."). Because the court finds that it has supplemental jurisdiction of EIC's state law claims against the Lusbys, section 1441(c)'s exception to the unanimity of consent required for removal is not applicable. Because the Lusbys did not consent to removal, the removal was procedurally defective and the court must REMAND this case to the state court. 28 U.S.C. § 1447(c).

Out of an abundance of caution, the court will briefly address the Insurance Defendants' argument that relies on the pre-2011 version of the statutory language of section 1441(c) addressing "separate and independent" state law claims. In the pre-2011 version of section 1441(c) "separate and independent" state law claims are exempt from the consent requirement. Dkt. 20 at 5, 12 (citing *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988)); *see, e.g.*, *Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773, 788 (M.D. La. 2014) ("The Fifth Circuit has not decided whether the 'separate and independent' analysis . . . survives in the context of determining whether to sever and remand claims for lack of original or subject matter jurisdiction under § 1441(c)."); *see also* Dkt. 20 at 11–12 (citing post-2011 district court cases that reference the "separate and independent" analysis). *But see* Dkt. 22 at 3 (arguing the "separate and independent" exception is "dead" and distinguishing the cases cited by Insurance Defendants from the present matter). Here, the court need not opine on whether the Fifth Circuit continues to adopt a "separate and independent" analysis under section 1441(c) because it finds that EIC's claims against the Lusbys are not "separate and independent" from its claims against the Insurance Defendants.

The Supreme Court held that claims are not "separate and independent" when "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions . . . ." *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534 (1951); *see, e.g., Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996) (holding that the termination

of employment is a "single legal wrong" and that the federal and state law causes of action are not "separate and independent" because they "were merely different theories of recovery for the same wrong").

Here, the Insurance Defendants argue that EIC has suffered different legal wrongs in each cause of action because the recovery of benefits under ERISA it seeks from the Insurance Defendants is different than the recovery it seeks from the Lusbys pursuant to contract and *quantum meruit*. Dkt. 20 at 11. The court disagrees. EIC has suffered a single legal wrong—the alleged non-payment for the medical services it provided to the Lusbys. Dkt. 22 at 4. EIC's causes of action against the Lusbys and the Insurance Defedants are different attempts to recover for the same actual injury. Additionally, there is a series of interlocking facts regarding the amount of the claims, the terms of the ERISA policy, communications between EIC, the patient, and the Insurance Defendants regarding coverage, and assignment of benefits between the parties. *Id.* Further,"[w]hile the test of not sharing a common nucleus of operative fact with the federal question claim is likely to be interpreted somewhat differently than 'separate and independent' from the federal question claim, there will be considerable overlap between the two categories." 14B Fed. Prac. & Proc. Juris. § 3722.3 (4th ed.). Here, there is "considerable overlap" in the analysis. *Id*. The court concludes that the state law claims are not "separate and independent." Therefore, even under the "separate and independent" analysis advocated by the Insurance Defendants, the court concludes that EIC's state law claims against the Lusbys do not warrant the exception to consent under section 1441(c).

## IV. CONCLUSION

EIC's motion to remand (Dkt. 17) is GRANTED. The case is REMANDED to the 125th Judicial District Court of Harris County.

The Insurance Defendants' partial motions to dismiss (Dkts. 8, 27, 33) are DENIED AS MOOT.

Signed at Houston, Texas on July 31, 2017.

Gray H. Miller
United States District Judge